MOORE, Judge,
concurring in part and concurring in the result.
I fully concur that the probate court reached the correct result. I also concur in much of the reasoning of the main opinion explaining the distinction between “presumed fathers” and “putative fathers.” I write specially regarding the main opinion’s statement suggesting that the father “neglected or refused to file a notice on his own behalf.” 41 So.3d at 773. As I read the Putative Father Registry Act, § 26-10C-1, Ala. Code 1975, when a man is adjudicated by a court of this state to be the father of a child born out of wedlock, that man has no duty to file a notice of intent to claim paternity under § 26 — IOC—l(i); rather, it is the duty of the clerk of the court that determines a man to be the father of a child born out of wedlock to “immediately notify the Department of Human Resources of the determination of paternity ....” § 26-10C-l(b), Ala.Code 1975 (emphasis added). L.A.M., who is indisputably the biological and presumed father of A.I.S., did not “neglect[] or refuse[ ] to file a notice on his own behalf,” whether that “notice” refers to a notice of intent to claim paternity or a notice of the determination of paternity.